IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **ESTATE OF GARY T. WORSTER, by and through Juanita Clay, Special Administrator for the heirs and next-of-kin;** | 8:23CV358 |
| **Plaintiff,** | |
| vs. | ORDER |
| **RIDGECREST SNF OPERATIONS, LLC, HVH NE HOLDINGS LLC, HVH NE MANAGEMENT LLC, and HILL VALLEY HEALTHCARE LLC,** | |
| **Defendants.** | |

This matter is before the Court on the Amended Motion to Withdraw as Counsel (Filing No. 16) filed by counsel of record for the plaintiff, Juanita Clay, acting in her capacity as Special Administrator of the Estate of Gary T. Worster. Plaintiff's counsel, Richard F. Hitz, Mandy L. Larson (f/k/a Strigenz), and the Nebraska Justice Law Firm, state there has been an irretrievable breakdown in communication between attorneys and client, which has resulted in a fundamental disagreement as to the prosecution of this matter. Plaintiff's counsel state they have informed Ms. Clay of their withdrawal and have advised her she needs to engage new counsel. Defendants do not oppose the motion. After review of the motion, the Court finds it should be granted.

This is a wrongful death and survival action filed by Ms. Clay in her capacity as Special Administrator for the Estate of Gary T. Worster. The Court has no information that Ms. Clay is a licensed attorney. Once Plaintiff's counsel withdraws, Ms. Clay, as a non-lawyer, cannot represent the legal interests of the estate in this court as special administrator. See, e.g., *Kelly v. Saint Francis Med. Ctr.*, 889 N.W.2d 613, 617 (Neb. 2017) (finding pro se wrongful death action filed by non-lawyer on behalf of the estate of her deceased relative against a hospital and doctor for negligent medical care was a nullity requiring dismissal); *Waite v. Carpenter, 326,* 496 N.W.2d 1, 4 (Neb. Ct. App. 1992) (finding wrongful death action for medical negligence brought by the non-lawyer personal representative of the estate was unauthorized practice of law; "one who seeks to represent the legal interests of the personal representative must be an attorney."). Pro se parties may not represent the interests of other parties in federal court. See *Knight v. Phillips*, No. 8:21CV408, 2022 WL 542564, at *2 (D. Neb. Feb. 23, 2022) (citing *Miller By A.M. v. Dorsey*,

No. 4:18CV3031, 2018 WL 4854180, at *3 (D. Neb. Oct. 5, 2018) (citing cases). Therefore, Plaintiff must obtain substitute legal counsel in order to continue to prosecute this case. Accordingly,

**IT IS ORDERED:**

1. The Amended Motion to Withdraw as Counsel (Filing No. 16) is granted. The Motion to Withdraw as Counsel (Filing No. 15) is denied as moot. Richard F. Hitz, Mandy L. Larson (f/k/a Strigenz), and the Nebraska Justice Law Firm are granted leave to withdraw as counsel for the plaintiff.

2. Plaintiff's counsel shall electronically mail a copy of this Order to Ms. Clay at her last known email address and mail a copy to her physical address, and thereafter file a certificate of service showing compliance with this Order. Plaintiff's counsel will not be relieved of their applicable duties to the Court, Plaintiff, and opposing counsel until such certificate of service is filed.

3. Because the Special Administrator cannot litigate the interests of the estate without representation by licensed counsel, on or before **April 9, 2024,** the Special Administrator shall obtain the services of new counsel and have that attorney file an appearance on the plaintiff's behalf. If substitute counsel does not enter an appearance by that date, the Court may dismiss this action without further notice.

4. The Clerk of Court shall mail a copy of this Order to:

> Juanita Clay
> 6025 Hartman Ave, Apt. S-305
> Omaha, NE 68104

Dated this 20th day of March, 2024.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge