IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ESTATE OF GARY T. WORSTER, by and through Juanita Clay, Special Administrator for the heirs and next-of-kin;<br><br>Plaintiff,<br><br>vs.<br><br>RIDGECREST SNF OPERATIONS, LLC, HVH NE HOLDINGS LLC, HVH NE MANAGEMENT LLC, and HILL VALLEY HEALTHCARE LLC,<br><br>Defendants. | 8:23CV358<br><br>ORDER TO SHOW CAUSE |

This matter is before the Court following the status conference held on April 10, 2024. On March 20, 2024, the Court granted plaintiff's counsel leave to withdraw from his representation. (Filing No. 17). The Court ordered Plaintiff's counsel to serve a copy of the order on his client and thereafter file a certificate of service showing compliance with the Court's Order. On April 1, 2024, counsel filed the required certificate of service (Filing No. 19) showing counsel mailed the Court's Order by certified mail, first class mail, and by email to his client on March 25, 2024.

The Court's Order explained that, because this is a wrongful death and survival action filed by Ms. Clay in her capacity as Special Administrator for the Estate of Gary T. Worster, Ms. Clay cannot represent the legal interests of the estate in this court as special administrator because she is not an attorney. See, e.g., *Kelly v. Saint Francis Med. Ctr.*, 889 N.W.2d 613, 617 (Neb. 2017) (finding pro se wrongful death action filed by non-lawyer on behalf of the estate of her deceased relative against a hospital and doctor for negligent medical care was a nullity requiring dismissal); *Waite v. Carpenter, 326,* 496 N.W.2d 1, 4 (Neb. Ct. App. 1992) (finding wrongful death action for medical negligence brought by the non-lawyer personal representative of the estate was unauthorized practice of law; "one who seeks to represent the legal interests of the personal representative must be an attorney."). Pro se parties may not represent the interests of other parties in federal court. See *Knight v. Phillips*, No. 8:21CV408, 2022 WL 542564, at *2 (D. Neb. Feb. 23, 2022) (citing *Miller By A.M. v. Dorsey*, No. 4:18CV3031, 2018 WL 4854180, at *3 (D. Neb. Oct. 5, 2018) (citing cases). The Court ordered Plaintiff to obtain substitute counsel by April 9, 2024. Plaintiff failed to do so.

During the status call, defense counsel orally moved to dismiss this case due to Plaintiff's failure to obtain substitute counsel by the Court's deadline. The Court finds dismissal of Plaintiff's claims is not warranted at this time, particularly considering her attorney only mailed notice of the Court's Order just over two weeks ago, and the Court's order was initially returned as undeliverable because it was mailed to an incorrect address. (Filing No. 18). However, Plaintiff's former counsel confirmed that Plaintiff did receive notice of the Order during a phone conversation with his former client at the beginning of April. Under the circumstances, the Court will provide Plaintiff with an extension of time to obtain substitute counsel or otherwise require Plaintiff to show cause why this case should not be dismissed. Accordingly,

**IT IS ORDERED:**

1. Defendant's oral motion to dismiss this case is denied.

2. Plaintiff shall have until **May 13, 2024,** to have licensed counsel enter an appearance on the plaintiff's behalf or otherwise show cause why this case should not be dismissed. Failure to timely respond to this order will result in a recommendation that Plaintiff's claims be dismissed. See *Kelly v. Saint Francis Med. Ctr.*, 889 N.W.2d 613, 617 (Neb. 2017); *Knight v. Phillips*, No. 8:21CV408, 2022 WL 542564, at *2 (D. Neb. Feb. 23, 2022).

Dated this 11th day of April, 2024.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge