# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **ESTATE OF GARY T. WORSTER, by and through Juanita Clay, Special Administrator for the heirs and next-of-kin;** <br><br> **Plaintiff,** <br><br> vs. <br><br> **RIDGECREST SNF OPERATIONS, LLC, HVH NE HOLDINGS LLC, HVH NE MANAGEMENT LLC, and HILL VALLEY HEALTHCARE LLC,** <br><br> **Defendants.** | 8:23CV358 <br><br> ORDER |

      This matter is before the Court on the fourth request filed by plaintiff, Juanita Clay, asking for additional time to find an attorney to represent her husband's estate in this matter. (Filing No. 27).

      On March 20, 2024, the Court granted plaintiff's counsel leave to withdraw from his representation. (Filing No. 17). The Court's Order explained that, because this is a wrongful death and survival action filed by Ms. Clay in her capacity as Special Administrator for the Estate of Gary T. Worster, Ms. Clay cannot represent the legal interests of the estate in this court as special administrator because she is not an attorney. (Filing No. 17) (citing *Kelly v. Saint Francis Med. Ctr.*, 889 N.W.2d 613, 617 (Neb. 2017) (finding pro se wrongful death action filed by non-lawyer on behalf of the estate of her deceased relative against a hospital and doctor for negligent medical care was a nullity requiring dismissal); *Waite v. Carpenter*, 326, 496 N.W.2d 1, 4 (Neb. Ct. App. 1992) (finding wrongful death action for medical negligence brought by the non-lawyer personal representative of the estate was unauthorized practice of law; "one who seeks to represent the legal interests of the personal representative must be an attorney."). The Court originally provided April 9, 2024, as the deadline for Ms. Clay to obtain new counsel, which the Court has extended at her request three times, with the most current deadline set for July 11, 2024.

      Plaintiff has filed another motion asking for additional time to find counsel. Plaintiff states "every lawyer" that she has consulted says "it is a big case" and July 11 is not enough time to find a new attorney. Plaintiff asks for an "extension of several months" rather than additional 30-days to find counsel. However, in total, Plaintiff has been provided several months to find a new

attorney. Plaintiff has not stated how many attorneys she has consulted, and the Court is somewhat skeptical it would take more than four months to find an attorney to represent her in her capacity as Special Administrator for the Estate of her husband. Plaintiff does have a right and opportunity to pursue her claims, but Defendants also are entitled to final resolution of the action against them. Under the circumstances, the Court will provide Plaintiff with one final extension until September 13, 2024, to obtain counsel.

Persons in need of assistance from a lawyer may contact the Nebraska State Bar Association's lawyer referral service. The service is at 635 South 14th Street, Suite 200, Lincoln, Nebraska 68508. The telephone number is (402) 475-7091 ext. 132, and the fax number is (402) 475-7098. The Omaha Bar Association also has a Lawyer Referral Service, available by calling (402) 280-3603 or by submitting an online request, available at <https://www.omahalawyerreferral.com/>. Additionally, The Federal Practice Fund Plan[1] provides that the Court may appoint counsel for indigent civil litigants. The Court has no information regarding Ms. Clay's financial status; however, if she believes she is indigent, she may file a financial affidavit[2] showing she is unable to afford counsel, and on appropriate motion the Court may consider a request to appoint counsel. Accordingly,

**IT IS ORDERED:** Plaintiff's Motion for Extension of Time (Filing No. 27) is granted. Plaintiff shall have a final extension to **September 13, 2024,** to have licensed counsel enter an appearance on the plaintiff's behalf.

Dated this 8th day of July, 2024.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge

---

[1] Available at <https://www.ned.uscourts.gov/internetDocs/pom/crtplans/fedpract.pdf>.

[2] Available at <https://www.uscourts.gov/forms/fee-waiver-application-forms/application-proceed-district-court-without-prepaying-fees-or-0>