IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ESTATE OF GARY T. WORSTER, by and through Juanita Clay, Special Administrator for the heirs and next-of-kin;<br><br>Plaintiff,<br><br>vs.<br><br>RIDGECREST SNF OPERATIONS, LLC, HVH NE HOLDINGS LLC, HVH NE MANAGEMENT LLC, and HILL VALLEY HEALTHCARE LLC,<br><br>Defendants. | 8:23CV358<br><br>ORDER AND FINDINGS AND RECOMMENDATION |

      This is a wrongful death and survival action filed on February 1, 2023, in state court by the plaintiff, Juanita Clay, acting in her capacity as Special Administrator of the Estate of Gary T. Worster. (Filing No. 1). At the time Ms. Clay commenced this action, she was represented by counsel. During a telephone conference with counsel on March 13, 2024, Plaintiff's counsel notified the Court of their intent to withdraw from their representation of Plaintiff. (Filing No. 14). Plaintiff's counsel subsequently filed a formal motion to withdraw from their representation of Plaintiff. (Filing No. 16).

      On March 20, 2024, the Court granted plaintiff's counsel leave to withdraw from their representation. (Filing No. 17). The Court's Order explained that, because this is a wrongful death and survival action filed by Ms. Clay in her capacity as Special Administrator for the Estate of Gary T. Worster, Ms. Clay cannot represent the legal interests of the estate, which includes other heirs/next-of-kin, in this court as special administrator because she is not an attorney. (Filing No. 17) (citing *Kelly v. Saint Francis Med. Ctr.*, 889 N.W.2d 613, 617 (Neb. 2017) (finding pro se wrongful death action filed by non-lawyer on behalf of the estate of her deceased relative against a hospital and doctor for negligent medical care was a nullity requiring dismissal); *Waite v. Carpenter*, 326, 496 N.W.2d 1, 4 (Neb. Ct. App. 1992) (finding wrongful death action for medical negligence brought by the non-lawyer personal representative of the estate was unauthorized practice of law; "one who seeks to represent the legal interests of the personal representative must be an attorney."). The Court originally provided April 9, 2024, as the deadline for Ms. Clay to

obtain new counsel, which the Court extended three times, to July 10, 2024. (Filing Nos. 17, 22, 24, 26).

Ms. Clay thereafter filed another motion asking for additional time to find counsel after stating "every lawyer" that she has consulted says "it is a big case" and that the July deadline was not enough time to find a new attorney. On July 8, 2024, under the circumstances, the Court provided Ms. Clay with "one final extension until September 13, 2024, to obtain counsel." The Court also provided her with information regarding lawyer referral services in Nebraska and the Federal Practice Fund Plan, which provides an avenue for appointment of counsel for indigent civil litigants. (Filing No. 28).

On August 27, 2024, and September 9, 2024, Ms. Clay sent two more letters to the Court requesting additional time to find counsel. (Filing No. 30; Filing No. 31). Defendant filed a brief opposing the motions. (Filing No. 32). The Court has somewhat delayed ruling on the motions, thereby unofficially providing Ms. Clay with an additional two months to find counsel. However, to date, new counsel has still not entered an appearance on behalf of the Estate.

The Eighth Circuit has explained, "28 U.S.C. § 1654 protects a party's right to 'plead and conduct their own cases personally or by counsel,' but subjects the pleading and conduct to the rules of federal courts." *Jones ex rel. Jones v. Corr. Med. Servs., Inc.*, 401 F.3d 950, 951 (8th Cir. 2005) (quoting *Carr Enters., Inc. v. United States*, 698 F.2d 952, 953 (8th Cir. 1983)). "In terms of 28 U.S.C. § 1654, . . . an administrator [of a decedent's estate] is not pleading and conducting his or her 'own case.'" *Id.* at 952. Instead, "[w]hen an estate has beneficiaries or creditors other than the administratrix or executrix, the action cannot be described as the litigant's own, because the personal interests of the estate, other survivors, and possible creditors will be affected by the outcome of the proceedings." *Id.* (quoting *Pridgen v. Andresen*, 113 F.3d 391, 393 (2nd Cir. 1997)). Thus, an administrator "may not engage in the practice of law on behalf of others." *Id.*

Here, Ms. Clay is not the only beneficiary of the estate, as her complaint identifies another surviving heir of the estate, Mr. Worster's son. Ms. Clay is not an attorney, and the Court's prior Orders have all informed her that she cannot represent the legal interests of others in federal court. The Court has directed her to resources to assist her search for new counsel, and informed her of the Court's policy for appointment of counsel. Ms. Clay has now been provided with approximately eight months to find new counsel, but has still not done so. The Court is sympathetic to her circumstances, but unfortunately, at this time, it finds that this case should be

2

dismissed because Ms. Clay cannot litigate claims on behalf of the Estate without licensed counsel, and despite being provided ample time and many warnings and opportunities to obtain substitute counsel, new counsel has still not entered an appearance. Accordingly,

**IT IS ORDERED** that Plaintiff's Motions to Extend ([Filing No. 30](); [Filing No. 31]()) are denied; and

**IT IS HEREBY RECOMMENDED** to the Honorable Joseph F. Bataillon, Senior United States District Court Judge, that this case be dismissed, without prejudice, for failure of counsel to appear as required to represent the estate.

Dated this 18th day of November, 2024.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge

## ADMONITION

A party may object to a magistrate judge's findings and recommendation by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. NECivR 72.2. Failure to timely object may constitute a waiver of any objection.